**NORTON COAL COMPANY**

v.

**UMW OF AMERICA, DISTRICT 28, UMWA, et al.**

**Civ. A. No. 74–314.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Dec. 2, 1974.

⟜19(1)

Mullins, Winston & Roberson, Norton, Va., for Norton Coal Co. Inc.

William G. Petty, White, Elliott & Bundy, Abingdon, Va., for UMWA Local 1476.

## OPINION AND ORDER

TURK, Chief Judge.

Petitioner Norton Coal Company initially filed this case in the Circuit Court of Dickenson County seeking temporary and permanent injunctive relief restraining defendants from engaging in certain activities which would allegedly cause or encourage its employees to

refuse to work and hinder it in the performance of its contracts. On November 22, 1974 defendants removed the case to this court pursuant to 28 U.S.C. § 1441, and the issue now before the court is whether it should be remanded to the state court pursuant to 28 U.S.C. § 1447(c).[1]

Petitioner alleges that the defendants, who are engaged in labor organizing activities on behalf of the United Mine Workers of America which is presently on strike, have violated its employees right to work and its right by attempting to close down its non-union mine. Petitioner specifically alleges that defendants interfered with the right to work of one of its employees, Thelmer Cantrell, by tricking him into stopping his truck and, thereafter, beating and seriously injuring him. Petitioner also alleges that defendants fired bullets over its banner on November 19, 1974. These actions are alleged to be in violation of § 40.1–53 [2] of the Code of Virginia. Petitioner prays that the defendants be enjoined from all picketing on public highway rights of way, petitioner's properties or combination which may obstruct, or interfere with normal operations and free ingress and egress of its mine and tipple in Dickenson County, Virginia; from locating pickets in any manner so as to encourage and induce its employees to refuse to cross the path of the pickets; from any activities which would encourage or cause its employees to refuse to work; or from any picketing or related activities which might threaten or deny the right to work of any of its employees; and to decree that defendants exercise all authority to obtain compliance with the injunction.

Pursuant to 28 U.S.C. § 1441 an action brought in state court may be removed if the district courts of the United States have original jurisdiction of the action. In their initial petition for removal defendants asserted that this court had original jurisdiction of the action under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). However, in their amended petition for removal they asserted that original jurisdiction existed under section 7 of the Labor Management Relations Act, 29 U.S.C. § 157, and apparently relying on 28 U.S.C. § 1331, stated that the action involved a denial of their constitutional guarantees of free speech and peaceful assembly and the amount in controversy exceeded $10,000.

■■ The fact that petitioner's complaint is characterized in terms of a vio-

---

1. This statute provides in part:
   "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order payment of just costs."

2. This statute provides:
   "Preventing persons from pursuing lawful vocations, etc.; illegal picketing; injunction.—No person shall singly or in concert with others interfere or attempt to interfere with another in the exercise of his right to work or to enter upon the performance of any lawful vocation by the use of force, threats of violence or intimidation, or by the use of insulting or threatening language directed toward such person, to induce or attempt to induce him to quit his employment or refrain from seeking employment.

   No person shall engage in picketing by force or violence, or picket alone or in concert with others in such manner as to obstruct or interfere with free ingress or egress to and from any premises, or obstruct or interfere with free use of public streets, sidewalks or other public ways.

   When a strike or lockout is in progress, no person who is not, or immediately prior to the time of the commencement of any strike or lockout was not, a bona fide employee of the business or industry being picketed shall participate in any picketing or any picketing activity with respect to such strike or lockout.

   Any person violating any of the provisions of this section shall be guilty of a misdemeanor, and punished accordingly.

   Notwithstanding the punishments herein provided any court of general equity jurisdiction may enjoin picketing prohibited by this section, and in addition thereto, may enjoin any picketing or interference with lawful picketing when necessary to prevent disorder, restrain coercion, protect life or property, or promote the general welfare."

lation of the state right-to-work law is not determinative of whether this court has original jurisdiction—the issue is rather whether the facts alleged in the complaint bring it within the original jurisdiction of this court. Beeler v. United States, 338 F.2d 687, 689 (3d Cir. 1964). The issue is thus whether the allegations that defendants are responsible for certain acts of violence which interfere with its employees' right to work and the performance of its contracts state a claim which is within the original jurisdiction of this court.

It is clear that this suit does not state a claim under section 301(a) of the Labor Management Relations Act since this section confers jurisdiction to this court over controversies involving alleged violations of collective bargaining agreements. No such alleged violations are involved in this case.

Defendant's reliance on section 7 of the Labor Management Relations Act, 29 U.S.C. § 157, for the purpose of establishing the court's original jurisdiction is also misplaced. This section establishes the substantive rights of employees to engage in concerted labor activities and does not confer jurisdiction. It is true that the allegations in petitioner's complaint state an unfair labor practice, 29 U.S.C. § 158(b), which would ordinarily require that the case be preempted by the NLRB, 29 U.S.C. § 160. But it is clear that this fact alone does not confer jurisdiction on this court. This court has original jurisdiction over cases involving violations of collective bargaining contracts, 29 U.S.C. § 185 and secondary boycotts, 29 U.S.C. § 187, neither of which are alleged here. If in fact the case is preempted, original jurisdiction is with the NLRB and not this court.

■ Insofar as defendants are asserting that this case may be said to "arise under" the Constitution or laws of the United States, 28 U.S.C. § 1331 or "any Act of Congress regulating commerce," 28 U.S.C. § 1337, by reason of the preemption issue, the court cannot agree. Petitioner's complaint alleges violations of state law based on acts of violence. There can be little doubt that by way of response to the complaint and particularly to the relief sought, defendants will raise issues of federal preemption and First Amendment protection. However the fact that such issues are involved in the case does not satisfy the jurisdictional requisite that the case "arise under" federal law. See e.g., Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). A thorough and able discussion of the jurisdictional issue in the context of a case factually indistinguishable from the case at bar is found in Acme Markets Inc. v. Retail Store Employees Union, 231 F.Supp. 566 (D.Md.1966). The court believes that case to be clearly correct in its statement of the law and its conclusion that a suit seeking injunctive relief under state law based on allegations of violence does not arise under the laws of the United States and hence may not be removed. Accord, Dow Chemical Co. v. District 50 Allied and Technical Workers, 315 F.Supp. 427 (D.Colo. 1970).

■ As noted in Acme Markets, Inc. and Dow Chemical Co., supra, where a complaint alleges acts of violence, federal labor law does not preclude the states from enjoining such conduct. This is clear from a consideration of United Auto Workers v. Wisconsin Employment Relations Board, 351 U.S. 266, 76 S.Ct. 794, 100 L.Ed. 1162 (1956) and Youngdahl v. Rainfair, Inc., 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151 (1957). See also, United Construction Workers v. Laburnum Construction Corp., 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025 (1954); Automobile Workers v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958). In United Auto Workers v. Wisconsin Employment Relations Board, supra, the court in affirming the power of the state to enjoin certain violent activity by the union, construed the Taft-

Hartley Act as not mandating preemption and concluded:

"The states are the natural guardians of the public against violence. It is the local communities that suffer most from the fear and loss occasioned by coercion and destruction. We would not interpret an act of Congress to leave them powerless to avert such emergencies without compelling directions to that effect." 351 U.S. at 274, 275, 76 S.Ct. at 799.

Defendants cite San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) in support of its argument for preemption, however, that opinion recognized that in cases involving "conduct marked by violence and imminent threats to the public order" states could grant injunctive relief.

"State jurisdiction has prevailed in these situations because the compelling state interest, in the scheme of our federalism, in the maintenance of domestic peace is not overridden in the absence of clearly expressed congressional direction." 359 U.S. at 247, 79 S.Ct. at 781.

There is no doubt that petitioner's factual allegations bring this case within the class of cases which the Supreme Court has recognized as not having been preempted by Congress. However, in so stating, this court expresses no opinion as to whether injunctive relief is in fact justified in this case. The court does note though that the pervasive relief prayed for in this complaint, including the enjoining of peaceful picketing, does present an issue of preemption. Youngdahl v. Rainfair, Inc., *supra*. In order to justify injunctive relief against all picketing, petitioner would have to establish the existence of "a pattern of violence . . . which would inevitably reappear in the event picketing were later resumed." Youngdahl v. Rainfair, Inc. *supra* 355 U.S. at 139, 78 S.Ct. at 212. Acme Markets, Inc. v. Retail Store Employees, *supra* 231 F.Supp. at 571. Otherwise, the control of picketing is left to the National Labor Relations Board. However, the permissible scope of injunctive relief, if any, to be granted in this case is as noted appropriately a matter for the Circuit Court of Dickenson County.

Accordingly, for the reasons and authority stated, it is adjudged and ordered that this case be, and the same hereby is, remanded to the Circuit Court of Dickenson County.