**Henry Zac CARTER, Plaintiff-Appellee,**

v.

**OGDEN CORPORATION,
Defendant-Appellant.**

**No. 74–3246.**

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1975.

W. K. Christovich, New Orleans, La., James D. Crawford, Philadelphia, Pa., for defendant-appellant.

Phillip A. Wittmann, Anthony M. Dileo, New Orleans, La., for defendant-appellant.

John D. Wogan, New Orleans, La., for William Wells.

Stephen T. Victory, New Orleans, La., for Ellen Broders & Watson.

Before BROWN, Chief Judge, COLEMAN, Circuit Judge, and GORDON, District Judge.

JOHN R. BROWN, Chief Judge:

The District Court granted plaintiff Carter's motion for an injunction enjoining Ogden Corporation, the defendant, from filing or further prosecuting any suits against Carter in any state or federal court. We find that under 28 U.S.C.A. § 2283 this injunction was prohibited and therefore reverse.

## THE FACTS

Carter, a Louisiana resident and former president and director of Avondale Shipyards, Inc., a wholly owned subsidiary of Ogden Corporation, filed suit against Ogden in Louisiana federal court on May 28, 1974. Carter's claims were two: (i) a private antitrust action charging violation of the Sherman and Clayton Acts [1] through reciprocity and tying arrangements,[2] and (ii) a claim that Ogden breached its employment contract with Carter. Under the contract Carter was hired for five years by Ogden as a consultant for Ogden and Avondale. Section 7 of the contract was a covenant not to compete.[3]

One month after the filing of Carter's Louisiana federal court action, Ogden, a Delaware corporation, brought suit against Carter in Delaware Chancery Court charging that Carter breached the covenant not to compete in his employment contract. Carter's stock in Ogden was sequestered by the Delaware court.[4]

---

1. 15 U.S.C.A. §§ 1, 2, 13(a), 15, 22 and 26.

2. Ogden is a conglomerate with numerous subsidiaries, including Luria Brothers and Company and Avondale.

3. 7. *Covenant Not to Compete.* During the Employment Period and the Consulting Period and for an additional period of five years thereafter, Carter will not, within the continental United States of America, directly or indirectly, own, manage, operate, control, be employed by, participate in, or be connected in any manner with the ownership, management, operation or control of any business in competition with any business conducted by Ogden and its subsidiaries, including Avondale, Ogden Marine and International Terminal Operating Co., Inc. during the term or at the termination of the Employment Period or Consulting Period.

4. App. 42.

Carter removed Ogden's suit to the Delaware federal court on the ground of diversity,[5] and moved to dismiss, transfer the action to Louisiana, or stay the action. Ogden voluntarily dismissed the suit on July 23, 1974, but the same day filed a new action in Delaware Chancery Court against Carter in which Avondale was joined as plaintiff. The complaint in the second Delaware suit included the same charges as the first, and in addition claimed that Carter breached his fiduciary duty to both Avondale and Ogden by competing with Avondale. Carter removed this second action to the Delaware federal court[6] and also filed the present motion in the Louisiana court to enjoin Ogden from filing or prosecuting any other suit against Carter.[7]

Based apparently on a belief that Ogden's Delaware suits were filed to harass Carter and were attempts by Ogden to destroy the jurisdiction of the Louisiana federal court,[8] the District Court granted Carter's motion for the injunction.[9]

### The Law

This issue is decided by 28 U.S.C.A. § 2283:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

■ This statute has been interpreted very strictly by the Courts.[10] As this Court stated in *T. Smith & Sons, Inc. v.*

*Williams,* 5 Cir., 1960, 275 F.2d 397, 407, "(t)he phrase 'where necessary in aid of its jurisdiction,' . . . should be interpreted narrowly, in the direction of federal non-interference with orderly state proceedings."

■ Although in an in rem action it may be necessary for the federal court to enjoin the later state proceedings to protect its jurisdiction, *see Mitchum v. Foster, supra* at 235, 92 S.Ct. 2151, an in personam action may proceed simultaneously in state and federal court and the federal court cannot enjoin the state action even if the federal suit was filed first. *Donovan v. City of Dallas,* 1964, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409; *Kline v. Burke Construction Co.,* 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; *Hyde Construction Co. v. Koehring Co.,* 10 Cir., 1968, 388 F.2d 501, 509, *cert. denied,* 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419.

■ This Court has been shown no evidence that the Delaware proceedings will interfere with the jurisdiction of the Louisiana Court to hear the case. While it is true that the decision in the suit that first reaches judgment may be res judicata as to at least part of the other suit, *Woods Exploration & Producing Co. v. Aluminum Company of America,* 5 Cir., 1971, 438 F.2d 1286, *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736; *Teas v. Twentieth Century-Fox Film Corporation,* 5 Cir., 1969, 413 F.2d 1263, that is not sufficient basis for an injunction.

Although Carter's antitrust claim by statute can be heard only in a federal

---

**5.** 28 U.S.C.A. § 1446.

**6.** Subsequent responses from counsel indicate that Carter filed a removal petition in the second Delaware suit on August 22, 1974, claiming that the joinder of Avondale was done solely to destroy diversity jurisdiction. No pleadings have been filed by either party since that date and, pending the outcome of this appeal, Ogden has taken no action to remand to state court. Therefore, it is uncertain at this point whether the Delaware suit will be heard in the federal or state court.

**7.** Ogden filed a counterclaim in the Louisiana action that repeats almost exactly the com-

plaint in the Delaware case. App. 30–32, 55–59, 77–78.

**8.** App. 121, 123.

**9.** App. 126–27.

**10.** *Mitchum v. Foster,* 1972, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705; *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers,* 1970, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234; *International Association of Machinists & Aerospace Workers v. Nix,* 5 Cir., 1975, 512 F.2d 125, 129; *Baines v. City of Danville,* 4 Cir., 1964, 337 F.2d 579, 593, *cert. denied,* 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702.

court, 15 U.S.C.A. §§ 4, 15, the breach of contract claim can be heard in either a state or a federal court. The Louisiana court cannot decide that it alone can hear the entire action.

 We understand from the records in the Louisiana District Court that discovery and other pretrial motions are pending in that court. Our ruling in no way interferes with the Louisiana judge taking full control of the Louisiana litigation. By reversing the injunction we hold only that the Louisiana court can in no way interfere with the Delaware courts [11] that are involved in the Delaware case.

Reversed.

---

11. The term "Delaware Courts", unless the context indicates otherwise, encompasses the state court where the litigation commenced and the federal court on removal which under *Erie* sits as another state court in a diversity action.