**VIN-TEX SEALERS, INC., an Illinois Corporation, Plaintiff,**

**v.**

**PLASTIC WORKERS UNION LOCAL NO. 18 (AFL–CIO), et al., Defendants.**

**No. 76 C 3517.**

United States District Court, N. D. Illinois, E. D.

Sept. 24, 1976.

Witwer, Moran, Burlage & Atkinson, Chicago, Ill., for plaintiff.

Stuart H. Brody, Chicago, Ill., for defendants.

MEMORANDUM OPINION

FLAUM, District Judge.

Before the court is the plaintiff's motion to remand this action as improvidently removed pursuant to 28 U.S.C. §§ 1441, 1447. The defendants' petition for removal sets forth a theory that this action arises under the laws of the United States, specifically under the federal labor law prohibiting secondary boycotts and authorizing actions in the district courts to recover damages for injuries sustained as the result of such illegal economic activity. 29 U.S.C. § 187.[1]

The plaintiff's state court complaint seeks injunctive relief under a judicially created exception to the Illinois Anti-Injunction statute [Ill.Rev.Stat. ch. 48, § 2a (1975)] which permits the issuance of restraining orders where lawful economic activity is dominated by a pattern of violence, threats and intimidation inimical to the

1. The complaint does not seek the monetary damages envisioned by this section, and the

plaintiff has not sought the injunctive relief available through the N.L.R.B.

public welfare. This judicial exception is a narrow one, predicated on the needs of the state to protect the well being of its citizenry, an interest so "deeply rooted in local feeling and responsibility" as to be retained by the states despite the extensive regulation of labor management relations by federal law. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775, 782 (1959). *See also, Eads Coal Co. v. United Mine Workers,* 27 Ill.App.3d 692, 327 N.E.2d 115 (1975). The issue before the court on the motion to remand, however, is not whether the complaint states a valid state law action, but whether the complaint also states an actionable federal claim upon which removal may be based.

▉ In view of the restricted relief available in state court, the allegations and the prayer for relief of the plaintiff's complaint are overly broad and expansive. The sole basis for plaintiff's state action is the violence, threats and intimidation which have allegedly characterized the otherwise lawful economic activity of the defendants. Yet the complaint alleges certain facts which are not a part of plaintiff's claim. Particularly, paragraph 10 of the plaintiff's complaint alleges that by "threatening and menacing remarks and gestures, defendants . . . have forcibly prevented common carriers from making deliveries to Ardmore Plastics (plaintiff's lessee on adjacent property) . . . [and] it is probable that defendants have caused plaintiff to involuntarily be in breach of its lease." This allegation is not an element of the plaintiff's state law action, and it is not referred to in any other portion of the complaint, including the prayer for relief. Plaintiff's complaint does not assert that this factual allegation in any way amounts to a claim against the defendants, and they seek no relief from the facts alleged in this paragraph. The allegations appear to be verbiage used to bolster plaintiff's charge of violence, threats and intimidation by the defendants. The defendants argue that the facts alleged in paragraph 10 constitute a secondary boycott vesting federal jurisdiction. Without determining whether the al-

legations of paragraph 10 amount to an allegation of secondary boycott, the court finds that in this case the allegations of facts which may otherwise be actionable but upon which the plaintiff asserts no claim and seeks no relief should be treated as mere surplusage. This determination cannot be made solely by an evaluation of the remedy sought, as proper federal jurisdiction could be defeated by artful pleading. *Avco Corp. v. Aero Lodge I.A.M. & A.W.,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Similarly, the determination cannot be made solely on the basis of surplus and unessential facts alleged in the complaint, as improper federal jurisdiction could be created by inartful pleading. *Pollio v. Teamsters,* 59 L.R.R.M. 3029 (E.D.N.Y.1968). The determination must rest on an evaluation of both the allegations and the prayer to ascertain the true nature of the claim for relief. In the instant case, the court is persuaded that the true nature of the plaintiff's claim is a state law action, thus inclusion of unessential factual allegations does not *per se* vest this court with original jurisdiction over plaintiff's complaint. *See Norton Coal Co. v. United Mine Workers of America,* 387 F.Supp. 50 (W.D. Va.1974).

Accordingly, the court finds that the plaintiff's complaint does not set forth a claim upon which to base federal jurisdiction and removal was improper. The plaintiff's motion to remand is hereby GRANTED and the case is remanded to the Circuit Court of DuPage County.

In concluding, the court notes that this federal forum is readily available to fully safeguard the federal rights of the defendants. If the complexion of this lawsuit is altered by the assertion of a secondary boycott claim, removal may be reconsidered. Additionally, as plaintiff's prayer for relief is arguably more extensive that the relief available in this type of state law action, *Eads Coal Co. v. United Mine Workers, supra,* the federal mandate protecting lawful economic activity may raise the spector of further federal involvement. In the narrow area framed by plaintiff's claim, feder-

al and state regulation of labor relations do not overlap; however, verbiage in the complaint cannot divest plaintiff of a state authored remedy, just as it cannot deprive defendants of federally guaranteed rights.