BILLY JACK FOR HER, INC., Plaintiff,

v.

NEW YORK COAT, SUIT, DRESS, RAIN-
WEAR AND ALLIED WORKERS' UN-
ION, ILGWU, AFL–CIO, LOCAL 1–35,
10, 22, 48, 77, 89 AND 189, Defendant (2
cases).

Nos. 81 Civ. 1605, 81 Civ. 2461.

United States District Court,
S. D. New York.

May 11, 1981.

Herman E. Cooper, P. C., New York City,
for plaintiff; Herman E. Cooper, Jonathan
L. Sulds, New York City, of counsel.

Lewis, Greenwald & Kennedy, P. C., New
York City, for defendant; Everett E. Lew-
is, Thomas M. Kennedy, New York City, of
counsel.

ROBERT J. WARD, District Judge.

These actions were both commenced in
the Supreme Court of the State of New
York, New York County, by Billy Jack for
Her, Inc. ("Billy Jack"), a New York corpo-
ration engaged in the apparel industry

within the Southern District of New York. The complaint filed in 81 Civ. 1605(RJW) ("*Billy Jack I*") alleges that defendant, the New York Coat, Suit, Dress, Rainwear and Allied Workers' Union ("the Union"), has engaged and continues to engage in picketing activities at Billy Jack's place of business that constitute a tortious interference with Billy Jack's contractual relations, in violation of New York law. *Billy Jack I* was removed to this Court by a petition for removal filed on March 18, 1981. In a memorandum decision dated March 31, 1981, this Court denied Billy Jack's motion to remand *Billy Jack I* to state court. *Billy Jack for Her, Inc. v. New York Coat, Suit, Dress, Rainwear, and Allied Workers Local 1–35*, 511 F.Supp. 1180 (S.D.N.Y.1981) ("the *Billy Jack I* decision"). Billy Jack thereupon filed the complaint in 81 Civ. 2461(RJW) ("*Billy Jack II*") in state court, alleging that the Union has engaged and continues to engage in violent picketing activities, in violation of New York law, at Billy Jack's place of business. *Billy Jack II* was removed to this Court by a petition for removal filed April 23, 1981, and, being a related case to *Billy Jack I*, was assigned to me pursuant to Rule 15 of the Calendar Rules of this Court. These actions are now before the Court on two motions, one filed in each case. In *Billy Jack II*, Billy Jack has moved, by order to show cause, for an order pursuant to 28 U.S.C. § 1447 remanding *Billy Jack II* to state court. In *Billy Jack I*, the Union has moved, also by order to show cause, for an order pursuant to 28 U.S.C. § 1446 enjoining Billy Jack from proceeding in state court in any action, including *Billy Jack II*, that seeks the same relief sought by Billy Jack in *Billy Jack I*. For the reasons hereinafter stated, Billy Jack's motion filed in *Billy Jack II* is granted, and the Union's motion filed in *Billy Jack I* is denied.

## BACKGROUND

The facts that led up to the filing of the *Billy Jack I* complaint are set forth in the *Billy Jack I* decision. Subsequent to the *Billy Jack I* decision, the Union resumed its picketing activities at Billy Jack's place of business located at 1375 Broadway in New York City. The allegedly violent nature of these picketing activities gave rise to *Billy Jack II*, which was commenced on April 22, 1981 by service of the *Billy Jack II* complaint on the Union. The Union filed its petition for removal the next day, setting the stage for the parties to present, on April 24, 1981, the orders to show cause containing the motions that are the subject of today's decision.

## DISCUSSION

Since much of the parties' debate concerning the merits of the instant motions involves the proper interpretation of the *Billy Jack I* decision, the Court begins its discussion by clarifying certain of the views expressed therein. The Court then proceeds to discuss the merits of the two pending motions, dealing first with Billy Jack's motion to remand and then with the Union's motion for an injunction.

### *The* Billy Jack I *Decision*

In footnote 3 of the *Billy Jack I* decision, this Court made the following observations with respect to the complaint filed in *Billy Jack I*:

Billy Jack's complaint, while it mentions acts of violence allegedly committed by the Union's pickets, *see* Complaint at ¶¶ 10–14, is directed at preventing the Union's picketing entirely, and not at controlling the manner in which it is conducted. Perusal of the complaint makes it clear that Billy Jack is relying on the purported unlawfulness of the Union's objective, and not any illegality of the means by which the Union is seeking to attain its purpose, as the basis for relief. Were Billy Jack's complaint directed at the allegedly violent nature of the Union's picketing, rather than at the Union's objective of securing a Hazantown agreement with Billy Jack, the case before the Court would be entirely different. It is clear that federal labor law does not preempt state law to the extent state law proscribes violent picketing. *UAW v. Russell*, 356 U.S. 634, 644 [78 S.Ct. 932,

938, 2 L.Ed.2d 1030] (1958). The Court's holding in the present case, depending as it does on a finding that the state law upon which Billy Jack relies has been preempted by federal labor law, would thus be different were Billy Jack's request for relief based on the violence that allegedly attended the Union's picketing. *Cf. Jou-Jou Designs, Inc. v. Local 23–25, International Ladies Garment Workers Union*, No. 80 Civ. 1782, Transcript at 70–72 (S.D.N.Y. Mar. 31, 1980) (remanding action to state court on ground that complaint sought relief from violent picketing, and that case thus did not involve a "labor dispute" within meaning of federal labor laws). Since, however, Billy Jack's complaint challenges the picketing on the basis of its purportedly unlawful object, the Court views Billy Jack's allegations of violence, made in the complaint and in other papers before the Court, to be irrelevant to the Court's disposition of the motion to remand.

These comments were of significance to the *Billy Jack I* decision only insofar as the Court expressed its view that the *Billy Jack I* complaint is not confined to a claim that the Union's challenged picketing is unlawful owing to its violent *nature*, but challenges the Union's picketing on the ground that the *objective* of the picketing is unlawful. The Court thereby established the predicate for its refusal to remand *Billy Jack I* to state court, the theory being that federal labor law has preempted any state law that purports to provide a basis for challenging the objective of the Union's picketing, meaning that *Billy Jack I* really arises under federal law and thus was properly removed to this Court.

The *Billy Jack I* decision in no way depended upon a conclusion that the complaint filed therein attacked *only* the objective of the Union's picketing, and not the nature of that picketing. The Court had no occasion to decide that issue in the *Billy Jack I* decision, because the removability of *Billy Jack I* in no way depended on whether Billy Jack sought relief from unlawful violent picketing as well as relief from tortious interference with contract. That is, if a violent picketing claim were stated in the *Billy Jack I* complaint, it would certainly have been removable as part of the entire *Billy Jack I* action, either as a pendent state claim removable under 28 U.S.C. § 1441(a), or as a "separate and independent" state claim removable under 28 U.S.C. § 1441(c). *See* 1A Moore's Federal Practice ¶ 0.163[4.–5], at 271 (2d ed. 1979) ("if a state suit contains at least one claim over which a federal court would have original federal question jurisdiction and any other claims are properly joined, the entire suit is removable under either § 1441(a), (b) *or* § 1441(c)"). The Court thus had no need in the *Billy Jack I* decision to decide whether the *Billy Jack I* complaint stated a claim based on violent picketing.

If footnote 3 of the *Billy Jack I* decision were read to imply that Billy Jack's complaint states a tortious interference claim *to the exclusion* of a violent picketing claim, it would to that extent be entirely dictum and clearly incorrect. The complaint plainly seeks relief from the Union's alleged violent picketing in addition to relief from the Union's alleged tortious interference with Billy Jack's contractual relations. *See* Complaint at pages 3–5 (detailing acts of violence allegedly committed by the Union's pickets), 6–7 (demanding judgment in the form of a preliminary and permanent injunction restraining the Union from "molesting, interfering with, assaulting, endangering or threatening employees or the representatives of plaintiff" or "from using violence, coercion or intimidation by force of numbers, picketing or threats of picketing"). The Court accordingly holds, for the purposes of deciding the motions presently before it, that the complaint in *Billy Jack I* states a claim for tortious interference with contractual relations, which claim has been preempted by federal labor law, and *also* a claim based on violent picketing, which claim has not been federally preempted, but was properly removed to this Court as part of the entire *Billy Jack I* action.

### Billy Jack's Motion to Remand

■ The motion to remand that is before the Court in *Billy Jack II* presents none of

the complications that the Court faced in resolving the similar motion filed in *Billy Jack I*. The complaint in *Billy Jack II* seeks relief from the Union's allegedly violent picketing: nothing more, nothing less. Billy Jack's theory of recovery is based entirely on state law. Unlike the situation faced by the Court in *Billy Jack I*, there is no argument that the state law relied upon by Billy Jack has been preempted by federal law. *UAW v. Russell*, 356 U.S. 634, 644, 78 S.Ct. 932, 938, 2 L.Ed.2d 1030 (1958). The *Billy Jack II* action is thus not removable under 28 U.S.C. § 1441(a) or (b) for the simple reason that it is not an action over which the district courts of the United States have original jurisdiction, for the following reasons: (1) there is no diversity of citizenship; (2) given the absence of federal preemption, the violent picketing claim cannot be described as "arising under" federal law; and (3) since the *Billy Jack II* complaint states no claim other than the one based on violent picketing, there can be no argument that this claim is "pendent" to a federal claim, and hence removable under *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). As this Court stated in the *Billy Jack I* decision, the fact that a plaintiff could, under the facts alleged, have relied on federal law in addition to state law is, by itself, irrelevant to a court's remand decision. *See Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960 (2d Cir. 1981). Equally irrelevant is 28 U.S.C. § 1441(c); that subsection has no applicability as a basis for removal where, as here, the action involves only one claim. *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59, 63 (W.D.N.C. 1978); 1A Moore's Federal Practice ¶ 0.163[4.–4], at 261 (2d ed. 1979). Accordingly, Billy Jack's motion for a remand must be granted pursuant to 28 U.S.C. § 1447.

### The Union's Motion for an Injunction

The Union's motion for an injunction raises the applicability of 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." There is no doubt that a federal court to which a state court action has been removed may, pursuant to the "in aid of jurisdiction" exception to 28 U.S.C. § 2283, properly issue an injunction to prevent further state court proceedings in the removed action. 1A Moore's Federal Practice ¶ 0.168[3.–8], at 515 & ¶ 0.210, at 2412 (2d ed. 1979); *see Mitchum v. Foster*, 407 U.S. 225, 234, 92 S.Ct. 2151, 2157, 32 L.Ed.2d 705 (1972); 28 U.S.C. § 2283 (Reviser's Note). Here, however, the Union seeks to enjoin Billy Jack from prosecuting not merely the removed action (*Billy Jack I*), but also the subsequently filed action (*Billy Jack II*), as well as any other state court action seeking the same relief as is sought in *Billy Jack I*. The Court is thus faced with the following issue: where a removed action is neither dismissed nor remanded, and the plaintiff in the removed action institutes a second state court suit based on a claim stated in the removed action, may the federal court having jurisdiction over the removed action enjoin the plaintiff from proceeding with the new state court action on the theory that such an injunction is "in aid of" the federal court's jurisdiction and hence within an exception to 28 U.S.C. § 2283?

The Court holds that an injunction may not issue under these circumstances. A contrary holding would fly in the face of the well-established rule that two identical in personam suits may proceed simultaneously in state and federal court, and that the federal court cannot enjoin the state action even if the federal suit was filed first and regardless of whether the state suit, if it reached judgment first, would be res judicata as to part of the federal suit. *Carter v. Ogden Corp.*, 524 F.2d 74, 76 (5th Cir. 1975); *Heyman v. Kline*, 456 F.2d 123, 131 (2d Cir.), *cert. denied*, 409 U.S. 847 (1972); *see Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295–96, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 334 (1970); *Kline v. Burke Construction Co.*, 260 U.S. 226, 230 (1922). Un-

**460**

der this rule, it is clear that no injunction could issue had Billy Jack *initially* brought *Billy Jack I* in federal court, and thereafter brought *Billy Jack II* in state court. No different result is called for merely because *Billy Jack I* reached federal court only via the Union's removal petition. 1A Moore's Federal Practice ¶ 0.168[3.–8], at 517 n.38 (2d ed. 1979). This is not a case where the plaintiff in the removed action has flouted the federal court's removal jurisdiction by filing substantially the same complaint in state court subsequent to the removal. *See Fischman v. Fischman*, 470 F.Supp. 980, 984 (E.D.Pa.1979); *Brown v. Seaboard Coast Line Railroad Co.*, 309 F.Supp. 48, 49 (N.D. Ga.1969). On the contrary, as the Court today holds in connection with the remand motion filed in *Billy Jack II*, the *Billy Jack II* complaint fails to state any claim for relief based on the alleged unlawfulness of the *objective* of the Union's picketing, and thus deliberately avoids stating any claim such as formed the basis for this Court's removal jurisdiction over *Billy Jack I*. Were the *Billy Jack II* complaint not limited in this fashion, *Billy Jack II* would be removable for the same reasons that *Billy Jack I* was removable, and the Court would deny Billy Jack's remand motion. Since the *Billy Jack II* complaint has been so limited, the Court does not see how Billy Jack might be said to have flouted the Court's removal jurisdiction, and is unable to share the Union's concern that Billy Jack will somehow, on the basis of its *Billy Jack II* complaint, be able to litigate in state court the validity of the *objective* of the Union's picketing. As a result, the Union's motion for an injunction must be denied pursuant to 28 U.S.C. § 2283, in spite of the fact that *Billy Jack II* seeks, in part, the same relief sought in *Billy Jack I*.

## CONCLUSION

Billy Jack's motion for a remand of *Billy Jack II*, 81 Civ. 2461(RJW), to state court is granted pursuant to 28 U.S.C. § 1447. The action is hereby remanded to the Supreme Court of the State of New York, New York County. The Union's motion in *Billy Jack I*, 81 Civ. 1605(RJW), seeking an injunction

restraining Billy Jack from continuing proceedings in *Billy Jack II* or any other similar state court action, is denied pursuant to 28 U.S.C. § 2283.

It is so ordered.