William **DRUMMOND** and Sophronia **Drummond**, Plaintiffs,

v.

George W. **JOHNSON;** Southland **Broilers, Inc.;** Southland Foods, **Inc.,** Defendants.

Civ. A. No. 94–A–548–S.

United States District Court, M.D. Alabama, Southern Division.

Sept. 27, 1994.

Kenneth L. Funderburk, Phenix City, AL, for plaintiffs.

Guy R. Willis, Millbrook, AL, T. Kent Garrett, Montgomery, AL, for defendants.

## ORDER

ALBRITTON, District Judge.

This case is before the court on the Motion for Injunction and Other Relief, filed by the plaintiff William Drummond on September 8, 1994.

This is a suit for personal injuries arising out of a car wreck in which the plaintiff William Drummond was driving one vehicle and the defendant George W. Johnson was driving another. Drummond filed this suit in federal court on May 10, 1994, against Johnson and others. On June 6, 1994, Johnson filed an answer in which he denied liability and alleged contributory negligence of Drummond. Johnson did not file a counterclaim against Drummond in this action, but on August 1, 1994, he amended his complaint in a suit then pending in the Circuit Court of Dale County, Alabama, in which he was a plaintiff against Wiregrass Construction Company to add Drummond as an additional defendant. The state court suit arose out of the same accident that forms the basis for this federal action. By his motion now under consideration, Drummond asks this court to enjoin Johnson from prosecuting the state court suit against him, pointing out that Johnson's claim is a compulsory counterclaim under Rule 13, *Fed.R.Civ.P.*, and contending that Johnson should not be allowed to evade that rule and simultaneously prosecute a subsequently filed state suit while this action is still pending.

28 U.S.C. § 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Drummond contends that an injunction is appropriate in this case because it is necessary in aid of this federal court's jurisdiction. The court disagrees.

Federal courts, being courts of limited jurisdiction, must be particularly sensitive to conflicts with state courts. This is also in keeping with the well-established concept of federalism.

The issue presently before the court has been determined by this circuit in the case of *Carter v. Ogden Corp.*, 524 F.2d 74 (5th Cir.1975) [1]. There, referring to 28 U.S.C. § 2283, the court said:

This statute has been interpreted very strictly by the courts. As this court states in *T. Smith & Sons, Inc. v. Williams*, 5 Cir., 1960, 275 F.2d 397, 407, "(t)he phrase 'where necessary in aid of its jurisdiction,' ... should be interpreted narrowly, in the direction of federal non-interference with orderly state proceedings."

... (a)n in personam action may proceed simultaneously in state and federal court and the federal court cannot enjoin the state action even if the federal suit was filed first. (citations omitted)

The court notes that the State of Alabama is not as tolerant of separate actions in state and federal court involving the same subject matter. In *Ex Parte Canal Insurance Co.*, 534 So.2d 582 (Ala.1988), the Supreme Court of Alabama interpreted § 6-5-440, *Code of Alabama*, to require the dismissal of a state court complaint asserting a claim which constituted a compulsory counter-claim in a federal court action that was pending at the time the state court action was commenced. That issue has been raised by Drummond by a motion to dismiss filed in the suit pending in Dale County, and that is where the issue should be determined.

For the reasons stated, this court declines to enjoin the state court proceedings, and plaintiff's motion is DENIED.

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.