**EMERY**

v.

**CHICAGO, B. & Q. R. CO.**

Civ. No. 2-436.

United States District Court, S. D. Iowa, Central Division.

March 19, 1954.

J. G. McDowell, Jr., Des Moines, Iowa, for plaintiff.

Thomas J. Guthrie, Des Moines, Iowa, and J. C. Pryor and John Hale, Burlington, Iowa, for defendant.

RILEY, District Judge.

The initial complaint in this action, commenced in the State court, sought recovery permitted by Title 45, Secs. 51–60, U.S.C.A., commonly known as Federal Employers' Liability Act, and asked for damages for bodily injury alleged to have been caused by negligence of the defendant. It also asked for exemplary or punitive damages for reasons stated, and for damages because of certain alleged "malicious acts" of defendant. While in the State court, defendant, by motion, sought to strike from the complaint certain allegations relating to a release.

Defendant's motion to strike was sustained and the plaintiff thereupon filed an "Amendment to Petition," wherein the offensive matter of the original pleading was deleted and the remainder was designated as Division I of the amendment. Actual damages of $109,988.52 were sought under the provisions of the Act for injuries to plaintiff by the alleged negligence of the defendant in the particulars specified.

In Division II of the amended pleading, Division I was incorporated by reference, and damages in the amount of $25,000 actual and $50,000 exemplary or punitive were sought because of defendant's alleged fraudulent conduct in inducing plaintiff to dismiss a lawsuit and for other reasons.

Division III of the amendment likewise incorporates Division I by reference and declares upon an oral agreement between the parties for the breach of which plaintiff seeks recovery in the amount of $97,868.52.

Division IV likewise incorporates Division I by reference and declares upon an oral agreement to "take care" of plaintiff for the remainder of his life under the conditions stated, and asks damages in the amount of $97,868.52.

Divisions II, III and IV are substantially a repleading of the matter stricken from the original pleading by the State court's ruling.

The original action was commenced in the State court on or about October 18, 1953. The motion to strike was sustained on November 21, 1953. Plaintiff's amended complaint, separated into the four divisions mentioned, was filed in the State court December 10, 1953. On December 16, 1953, defendant instituted the removal proceedings, and on December 17, 1953, answered the four divisions of the amended petition and plead "a full and complete release, satisfaction and discharge of all claims, known or unknown, arising out of his alleged injuries sustained (by plaintiff) on the 3rd day of December, 1952." On January 5, plaintiff filed his motion to remand, together with a demand for jury trial and application for an order authorizing a reply to the defendant's answer. In his motion to remand, plaintiff claims: a) that removal was not timely under Sec. 1446(b), Title 28 U.S.C.A., because Division III and IV are alternative to Division I; b) that the four divisions are not separate and independent claims or causes of action, but are related to the Federal Employers' Liability Act and nonremovable; and c) the court may remand Division I, and if the other divisions are found to contain separate and independent claims, they may be tried here.

In this state of the record it appears that there are four statutes involved. Title 28, Sec. 1445, provides:

"(a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States."

Title 28, Sec. 1446(b) sets up the procedure for removal and contains, among other provisions:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Section 1441 provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Title 45, Sec. 56, which is a part of the Federal Employers' Liability Act, makes jurisdiction of courts of the United States concurrent with those of the several states as to actions brought under the Act. The ban on removal in Sec. 1445(a) of actions properly commenced in the State court was inserted by an amendment to the original Act in 1910 and later appeared also in the Judicial Code. This provision against removal in Title 45 was repealed in 1948, apparently as surplusage in view of the ban appearing in the above quoted Sec. 1445 (a). Despite this ban, however, it has been recognized that a plaintiff might waive his right to object to removal, doing so either by his inaction or by his affirmative conduct. It is a privilege of which he may or may not avail himself. Strother v. Union Pac. R. Co., D.C., 220 F. 731, 733. Because the United States court has concurrent jurisdiction by statute, the question of attempting to confer jurisdiction by consent is absent in such cases.

The pleadings here disclose that plaintiff initially sought to state a cause of action under the Federal Employers' Liability Act, and commenced it in the State court. When the offensive matter was stricken from his complaint on defendant's motion he could yet have remained in the State court without any change in his pleading since, with the offensive matter stricken, his claim was only for relief under the Act for damages related to injuries caused by the alleged negligence of the defendant. A review of the amended complaint discloses that plaintiff, not content with basing his suit on the alleged "cause of action" created by the Act, and which he could have continued to maintain in the State court, coupled with his cause of action under the Act as stated in Division I, a separate cause of action for fraud in securing the dismissal of his suit in Minnesota, and a third cause of action in which he declares upon an alleged oral contract to pay wages for life. In the second such cause of action in Division II he asks actual and exemplary or punitive damages in a total of $75,000. In his third cause of action he pleads an oral contract to pay him a stipulated amount per year for his life expectancy. And in the fourth division he likewise pleads the breach of an oral agreement for which he asks damages different in amount than those claimed in Count I.

The operative facts which give rise to the rights which plaintiff seeks to enforce in the courts as claimed in Division II, III and IV, are not in any degree identical with those in Division I. One set of such facts declares on a claim based on negligence and consequent injury and damage. Another set declares for active fraud and damage occasioned thereby. On two other sets of such facts plaintiff seeks recovery for breach of specific oral agreement. These are not multiple issues based upon a single claim, but each is instead a separate and independent claim or cause of action. If plaintiff sued upon Division II or Division III or Division IV alone, or altogether, the cause would be removable

from the State court and Sec. 1445(a) could not be urged to defeat such right of removal.

The pleadings establish the boundaries of a lawsuit. It is for the plaintiff to fix those boundaries in his pleadings. They cannot be fixed by the defendant either by what defendant may say in the petition for removal or in any subsequent pleadings. It is the condition of the pleadings at the time the petition for removal is filed which determines whether there is a right of removal. It is settled that a case not removable when filed may be made so by the voluntary amendment of his pleadings by the plaintiff. Title 28, § 1446(b), U.S.C.A.; Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 281, 38 S.Ct. 237, 62 L.Ed. 713. That has been done here. As said in the cited case, whether the case becomes removable depends "solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion." 246 U.S. at page 282, 38 S.Ct. at page 240.

Under our liberal rules as to joinder, plaintiff was wholly within his rights in joining all of his "claims or causes of action" against the same defendant. It rested with him whether he should state a cause solely under the Act and therefor not removable, or unite it with causes of action which might be removed. When he adopted the latter course, defendant then became entitled to exercise the right of removal conferred upon it by the statutes as to the causes of action properly removable. This carries the entire case to this court. Sec. 1441(c). It comes now by removal, but it could have been commenced here originally as to all four Divisions since even as to Division I, Sec. 56 of Title 45 conferred concurrent original jurisdiction upon this court.

In these circumstances, the court must find that defendant was within its rights under Sec. 1446(b) in undertaking removal proceedings after plaintiff had served his amended pleading and it then was ascertained that the case had become

removable. Since the court had original, concurrent jurisdiction under the Act, there are no questions in this lawsuit that may not appropriately be determined in this court.

Counsel for plaintiff relies upon American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, to sustain his right to remand. With equal earnestness, opposing counsel urge the decision as authority for the defendant's right of removal. In that case there were three separate defendants against whom separate claims were urged, but all were found to be based on the single wrong to plaintiff. The opinion is authority for the proposition that "A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action." 341 U.S. at page 11, 71 S.Ct. at page 538. It recognizes that a " 'separate cause of action' restricts removal more than 'separable controversy.' " 341 U.S. at page 12, 71 S.Ct. at page 539. This opinion declares that in making the determination as to the defendant's right of removal, "we look to the plaintiff's pleading, which controls." 341 U.S. at page 14, 71 S.Ct. at page 540. Applying that rule to the case at bar, it is seen that the pleading initially filed sought relief under the Act for bodily injuries claimed to have been sustained by plaintiff on December 3, 1952, because of nine specific particulars of negligence alleged in what became Division I. Plaintiff's resulting bodily injury is the single wrong to him for which the Act permits relief, and had plaintiff confined himself to his claim under the Act, it would be our duty to remand to the State court.

 However, in his amended pleading,. while seeking to hold his right to proceed under the Act, he joins with it several different divisions, in which he seeks damages in different amounts based upon different claims or causes of action. The operative facts upon which plaintiff relies in Divisions II, III and IV all relate to matters which occurred subsequent to the personal injury for which plaintiff claimed his damages in Division I. The rights upon which he seeks to declare are based on active fraud subsequent to his injury and an oral agreement alleged to have been made subsequent to the events which created his original right of action under the Act. Even the amounts of recovery sought in the different divisions are different from that in Division I. This is not alternative pleading or a multiple statement of a single claim. The claims or causes of action declared upon in Divisions II, III and IV do not rest for their support on the Act. Clearly, each of them was removable for the reasons so clearly stated by Gardner, C. J., in Jacobson v. Chicago, M., St. P. & P. R. Co., 8 Cir., 66 F.2d 688, which cites and quotes with approval from Strother v. Union Pac. R. Co., supra. In the Jacobson case there was but a single · injury but "plaintiff pleaded two causes of action." 66 F.2d at page 694. Here plaintiff has sought to plead four separate causes of action. His attempted incorporation of Division I in each of the other three Divisions does not save the situation or change it. The conclusion reached is consistent with American Fire & Casualty Co. v. Finn, supra.