J. L. WOLGIN, on behalf of himself and others similarly situated, and derivatively, on behalf of State Mutual Investors, a Massachusetts unincorporated association, Plaintiff,

v.

STATE MUTUAL INVESTORS, State Mutual Life Assurance Company of America, the America Group Management Corp., W. Douglas Bell, Trustee, Francis H. Dewey, III, Trustee, Frederick Fedeli, Trustee, Michael Greenebaum, Trustee, Jacob Hiatt, Trustee, Bartow Kelly, Trustee, Thomas R. Mulroy, Trustee, Stewart F. Oakes, Trustee, James T. Wilcox, Trustee, Frederick Fedeli, Executor of the Estate of Richard H. Wilson, Deceased, Trustee, and John E. Sawyer, Trustee, Defendants.

Civ. A. No. 77–1887.

United States District Court, E. D. Pennsylvania.

Sept. 30, 1977.

David Berger, Philadelphia, Pa., for plaintiff.

Otis W. Erisman, and Nicholas E. Chimicles, Philadelphia, Pa., for State Mutual, The America Group, W. Douglas Bell, Roland A. Erickson, Frederick Fedeli, individually and as Executor of Estate of Richard H. Wilson, and James T. Wilcox.

Lewis H. Van Dusen, Jr., Philadelphia, Pa., for State Mut. Investors, Francis H. Dewey, III, Michael Greenebaum, Jacob Hiatt, Bartow Kelly, Thomas R. Mulroy, Stewart F. Oakes, and John E. Sawyer.

## OPINION

DITTER, District Judge.

This case is currently before me in the form of a motion to remand to the state court. Plaintiff originally brought suit in the Pennsylvania Court of Common Pleas for Philadelphia County seeking both injunctive relief and money damages for breach of fiduciary duties and for violations of the Pennsylvania Securities Act of 1972, 70 P.S. §§ 1–101 et seq. Defendants removed the action to this court and the plaintiff responded with the instant motion to remand. Since this case appears to fall within the command of specific authority from the Third and other circuits, plaintiff's motion must be granted.

## I. FACTUAL ALLEGATIONS

Plaintiff, J. L. Wolgin, owns 6¾ percent convertible subordinated debentures of State Mutual Investors (Investors) having a face value of $76,000. He sues Investors and its Trustees, both present and past. Also joined as defendants are State Mutual Life, which formed Investors in 1970 as a real estate investment trust, and the America Group Management Corp., which was formed in order to furnish Investors with investment advice in return for a fee.

The complaint alleges, by way of introduction, that loans of $89,970,000. made by Investors are now in default. Auditors required the defendant to write these debts down to the value of the property securing them for a total loss of some $30,000,000. It is alleged that until the auditors stepped in, the property had never been appraised.

These allegations are more specifically delineated in the three counts of the complaint. Count I is a derivative action which charges the defendants, inter alia, with violating the provisions of Investors' Declaration of Trust by investing more than 10 percent of the Trust assets in junior mortgages and by allowing Trust debts to exceed 400 percent of net assets; violating their fiduciary duties to the shareholders and debenture holders by failing to diversify Trust investments; negligently causing Trust loans to be undersecured; and, rejecting an opportunity to invest $75,000,000. in prime long-term mortgage loans while investing a like amount in high risk construction and development loans, bearing only slightly higher yields, all of which are now in default. Count I further charges that defendants sold stock and debentures on the basis of false financial statements, using the funds thus acquired to make further under-secured loans. It is alleged that all of the above acts and omissions "were the result of Defendants negligence, wilful misfeasance, bad faith and reckless disregard of their fiduciary duties to INVESTORS . . . ." Complaint at 20.

Count II, also a derivative action, charges that defendants filed a false and inaccurate Form 10K with the Securities and Exchange Commission. This 10K statement was then allegedly used as an annual report.

Count III is a class action in favor of all 6¾ percent convertible subordinated debenture holders and shareholders. Here, plaintiff alleges that defendants arranged for the election of a committee to represent all 9 percent noteholders. Pursuant to negotiations with the committee, a proposal was

made whereby the Trust would make a tender offer for the 9 percent notes at 72.5 percent of their value, and derivative suits pending against the Trust in Ohio federal courts would be settled. The 6¾ percent shareholders and debenture holders were neither represented in the negotiations nor mentioned in the proposal.

On the basis of all the above allegations, the complaint demands damages in the amount of $125,000,000. Furthermore, the plaintiff seeks the appointment of a receiver, injunctions against the advisory relationship between the defendants and remittance of all advisory fees, removal of the trustees, the appointment of a review committee to insure compliance with the reporting and proxy requirements of the Securities Exchange Act of 1934, and the preparation of a manual to be followed by management. In addition, under Count III, the plaintiff also requests an injunction against the proposed settlement in the Ohio cases until the rights of the 6¾ percent holders are secured.

## II. MOTION TO REMAND

■ Analysis of this case must begin with a restatement of the well-established principle that, in federal question cases, the basis for removal jurisdiction must appear on the face of the complaint, and reference may not be made to any other pleading or to the removal petition. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). Defendant asserts that the motion to remand should be denied because the complaint alleges violations of the Securities Exchange Act of 1934, and that the federal courts have exclusive jurisdiction of such violations. Plaintiff counters that while the acts alleged may *constitute* violations of the 1934 Act, he has scrupulously avoided the assertion of any claim or right arising under federal law. Rather, plaintiff argues that his cause of action is created entirely by state law, and that he seeks neither enforcement of nor relief under any federal statute.

■ It is clear that in deference to the rights of state governments, Congress intended to restrict removal jurisdiction sharply. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951); *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934). Furthermore, "where plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground." 1A J. Moore, *Federal Practice* ¶ 0.160, at 185 (2d ed. 1974), cited with approval *LaChemise Lacoste v. Alligator Co.*, 506 F.2d 339, 346 (3d Cir. 1974). In *LaChemise*, plaintiff brought an action in state court seeking a declaration of its ownership rights to a trademark. The defendant removed the action to federal court, and a remand motion was denied. On appeal, the Third Circuit noted that the plaintiff did not assert any rights or claims arising under a federal statute. Rather, defendant sought to ground removal jurisdiction on the federal nature of its own threatened coercive action against which plaintiff sought declaratory relief. The court rejected this argument, finding it violative of the requirement that federal jurisdiction must appear on the face of the complaint. 506 F.2d at 343–44. Furthermore, the court suggested that the defendant's position was at odds with "a congressional policy of severe abridgement of the right to remove a state action to a federal court." Id. at 344. The defendant further argued that plaintiff had mistakenly or deliberately concealed the federal question, and that federal law preempted the trademark field. The Third Circuit rejected these contentions as well, pointing out once again that plaintiff had not sought relief under a federal statute. The panel also reminded the defendant that plaintiff was free to disregard the federal question and rely exclusively on state-created grounds. *Id.* at 345–46.

Similarly instructive is the earlier case of *American Dredging Co. v. Local 25, Marine Division, International Union of Operating Engineers*, 338 F.2d 837 (3d Cir. 1964), cert. denied 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965). There, the plaintiff sought to

enjoin the breach of a "no strike" clause in its labor contract. Originally brought in a state forum, the suit was removed to federal court and remand was denied. The Third Circuit reversed finding that the complaint relied solely on the state-created right to sue for breach of contract and sought no remedy under any federal law. *Id.* at 846.

These cases are dispositive of the instant motion. Plaintiff's complaint does not assert any claim or right arising under federal law, nor does it seek relief pursuant to any federal statute.[1] The defendants are charged with making improvident investments, exercising poor judgment in managing the Trust, and inaccurately reporting the Trust's financial condition. The cause of action is cast solely in terms of breach of trust, breach of fiduciary duties, negligence, and fraudulent misrepresentations.[2] As in *LaChemise* and *American Dredging*, the claims are state-created, and they do not find their basis in federal law.

Defendants place considerable emphasis on the fact that in Count II of the complaint, plaintiff refers to the inaccurate and misleading 10K report filed by defendants with the Securities and Exchange Commission. This, it is argued, alleges a violation of a federal statute, thereby justifying removal. A careful reading of Count II, in conjunction with the rest of the complaint, however, reveals that plaintiff is not seeking to enforce the statute, nor does he request relief under its provisions. Rather, as plaintiff asserts, the inaccurate filing is merely offered as an additional example of how defendants have breached their fiduciary duties. The fact that one aspect of the conduct constituting the breach also happens to violate federal law is not enough to make the case removable. On the contrary, to support removal, "the federal nature of the claim must be a basic issue in the case." *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). Here, the federal nature of the claim is incidental at best. The "basic issue" in this case is the breach of the fiduciary duties owed by the defendants to the plaintiff. A claim arising

---

1. Among the many items of relief demanded in the complaint, plaintiff requests that defendants henceforth be required to comply with the reporting and proxy solicitation provisions of the Securities Exchange Act of 1934, and he asks that a review committee be appointed to supervise such compliance. Admittedly, this could be interpreted as an attempt to enforce a federal statute and to secure relief under federal law. In the context of this complaint, however, it seems clear that the request is merely an additional means to the end of insuring that the trustees will faithfully fulfill their fiduciary duties.

2. In defendants' own words, paragraph 20 of the complaint "summarizes the essence of plaintiff's cause of action" and it is "[t]he most significant paragraph for purposes of examining the underpinnings of Counts I, II and III." Paragraph 20 states:

   The Defendants, individually and collectively have violated their fiduciary obligations to Plaintiff, shareholders and all 6¾% convertible subordinated debenture holders in that they have authorized acts of self-dealing by certain of the Defendants; have failed to diversify investments, as required by prudent financial investment practices; have abdicated their fiduciary responsibilities; have made loans to borrowers which exceeded the value of the property mortgaged as security for the loan. Plaintiff further alleges that the

Defendants, individually and collectively have violated the provisions of the Pennsylvania Securities Act of 1972, 70 P.S. Sec. 1–101 et seq.; have filed or caused to be filed with the Securities & Exchange Commission false financial statements, proxy statements and annual reports, which showed the assets of Defendant, Investors, at an inflated value, substantially in excess of their true value; have used such statements to obtain borrowed funds, the proceeds of which were utilized in making improvident loans; have further used such statements to conceal their performance in the administration of their fiduciary duties and perpetuate themselves in office; and failed to disclose that Defendant, State Mutual Life, a competitor of Defendant, Investors, dominated and controlled the Trust, all in reckless disregard of the duties owed by the Defendants to Plaintiff, and as a direct result of which the Plaintiff has sustained damages.

Plainly, this paragraph reveals a cause of action sounding in breach of fiduciary duty, as evidenced by both negligent and willful misconduct. The only reference to a federal violation is the allegation of inaccurate reports filed with the Securities and Exchange Commission. As discussed above, this merely asserts another example of defendants' breach of duty and is not enough to support removal.

978

from such a breach is plainly state-related, and a petition for its redress should properly be heard in a state, not a federal, forum.

■ Finally, it should be remembered that the burden as to the right of removal lies with the party asserting the right. Where the question remains a close or doubtful one, that party has not met his burden and the case should be remanded. In the words of the Seventh Circuit, "the burden is on the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance." *Jones v. General Tire & Rubber Co.*, supra, 541 F.2d at 664.

' I have considered defendants' remaining arguments and I find them to be without merit. For the foregoing reasons, the case will be remanded to the Pennsylvania Court of Common Pleas for Philadelphia County.