**Allen N. BRUNWASSER, Plaintiff,**

v.

**Mead J. MULVIHILL, Jr., as then acting Mayor of the City of Pittsburgh and as Solicitor of the City of Pittsburgh, Defendant.**

**Civ. A. No. 80–557.**

United States District Court,
W. D. Pennsylvania.

May 29, 1980.

Allen N. Brunwasser, Pittsburgh, Pa., for plaintiff.

Marvin A. Fein, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

COHILL, District Judge.

Plaintiff, Allen N. Brunwasser, filed a complaint in mandamus in the Court of Common Pleas of Allegheny County, Pennsylvania, seeking to prevent the City of Pittsburgh from providing legal representation for three defendants in a federal civil rights action that plaintiff filed in this Court at CA 79–1561. The Common Pleas complaint asserts that the representation being provided to these individuals is in violation of the Charter of the City of Pittsburgh. The defendant, Mead J. Mulvihill, Jr., a former "acting mayor" and solicitor of Pittsburgh, petitioned to remove the matter pursuant to 28 U.S.C. § 1441 as a case which should be consolidated with the civil rights action. Defendant argues in his motion that this Court has jurisdiction to determine whether counsel who files an appearance in a pending case should be disqualified. He has followed this petition with a Motion for Summary Judgment and an Answer to the Complaint in Mandamus.

The plaintiff has responded with a motion to remand under 28 U.S.C. § 1447(c).

A state court action may properly be removed to a federal district court only if it is an action over which the district court would have had original jurisdiction. *Snow v. Ford Motor Co.*, 561 F.2d 787, 789

(9th Cir. 1977) (failure to establish jurisdictional amount in diversity suit); *Housing Authority v. Danner*, 448 F.Supp. 152, 154 (M.D.Pa.1978) (lack of federal question in dispute over utility rates). The defendant, by arguing that this case is really part of a pending federal suit, seems to be asserting only pendent jurisdiction. The complaint in mandamus, challenging the affairs of Pittsburgh's legal department, is one which raises only questions of state, or local, law. No disputed federal question is apparent. The burden to demonstrate federal jurisdiction is on the party seeking removal. *Wolgin v. State Mutual Investors*, 442 F.Supp. 974, 978 (E.D.Pa.1977).

█ It has often been said that the Congressional purpose behind 28 U.S.C. § 1441 was to narrowly restrict the availability of removal from state to federal courts. *E. g., American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951); *LaChemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339 (3d Cir. 1974); *cert. denied* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975); *City of New York v. New York Jets Football Club, Inc.*, 429 F.Supp. 987 (S.D.N.Y.1977). For a case to fit within the strict construction of § 1441 a federal right or remedy must be obvious on the face of the original complaint. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209 (1974); *Norton Coal Co. v. U. M. W. of America, Dist. 28*, 387 F.Supp. 50 (W.D.Va.1974).

█ The complaint in this case asserts no claim arising under any federal law, nor is the relief sought pursuant to any federal statute. *See Wolgin, supra*, 442 F.Supp. at 976–977. We can ascertain no basis under federal law for preventing the representation of certain individuals by the city's law department. The fact that the representation involves a pending federal suit is incidental.

█ Finally, we note that the authority that this Court has over attorneys practicing before it does not extend to disputes between attorney and client. See Local Rules 1, 2, and 22. The question raised by

the complaint in mandamus is clearly a challenge to the propriety of representation by a governmental unit pursuant to whatever regulations govern such representation. Although it is a challenge by a third party and not by the clients, it goes to the nature of the attorney-client relationship and raises no issue for this Court's intervention. On the contrary, it is peculiarly a matter for local determination.

█ Although there is authority under 28 U.S.C. § 1447(c) for a district court to order the payment of "just costs" where it appears that an action was removed "improvidently and without jurisdiction," we will decline to assess costs against the defendant in this case. The complaint in mandamus in the state court, although ultimately seeking adjudication of a local issue, contains in its first seventeen paragraphs (¶ 1–6; 6A–J and 7) a restatement of the federal suit. It is not a model of clarity or directness and we will not penalize the defendant for attempting to have it consolidated with the federal case which spawned it.

For all these reasons, now, this 29th day of May, 1980, IT IS ORDERED, ADJUDGED, and DECREED that

(1) Defendant's Petition for Removal BE and the same hereby IS DENIED:

(2) Defendant's Motion for Summary Judgment in this case BE and the same hereby IS DENIED as moot;

(3) Plaintiff's Motion to Remand to the State Court BE and the same hereby IS GRANTED; however, plaintiff's request therein for assessment of costs will BE and hereby is DENIED and the request for attorney's fees will BE and the same hereby IS DENIED as being without statutory support;

(4) The Clerk of Courts is DIRECTED to mail a certified copy of this ORDER to the Clerk of Courts for the Court of Common Pleas of Allegheny County, Pennsylvania, pursuant to 28 U.S.C. § 1447(c) (1948).