William J. ABING and Vicky A. Abing, Plaintiffs,

v.

PAINE, WEBBER, JACKSON & CURTIS and Robert Ploetz, Defendants.

Civ. No. 4–82–555.

United States District Court,
D. Minnesota,
Fourth Division.

May 19, 1982.

**1194**

Ross Muir and Daniel Heuel, Muir & Heuel, Rochester, Minn., for plaintiffs.

Kurtis A. Greenley, Lindquist & Vennum, Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

On March 19, 1982, William and Vicky Abing commenced an action against defendants Paine, Webber, Jackson & Curtis, a registered broker/dealer of securities, and Robert Ploetz, manager of Paine, Webber's office in Rochester, Minnesota. The plaintiffs commenced the action in the District Court for Olmsted County, Minnesota. On March 31, 1982, the defendants filed a petition for removal of the action to the United States District Court for the District of Minnesota. The matter is now before the Court on the plaintiffs' motion to remand the matter to the state court pursuant to 28 U.S.C. § 1447(c).

The plaintiffs' complaint arises from a purchase of certain securities by the plaintiffs. The plaintiffs were customers of defendant Paine, Webber and had deposited money in a cash fund in their account with Paine, Webber. The plaintiffs assert that they relied on the advice of the defendants in making investments. They claim that the defendants told them that they should invest $7,500 in a "fund" guaranteed by the United States government because it would return income at a high percent, that it would substantially increase in value, and that minimal risk was involved. In reality, the plaintiffs purchased financial futures for bonds secured and insured by the Government National Mortgage Association on a 10 percent margin. The plaintiffs claim that they were not told that the securities would be purchased on margin, or that money to pay the balance might have to be loaned to the plaintiffs by the defendants at 18 to 24 percent interest. When Paine, Webber received margin calls on the securities, it took money from the plaintiffs' cash fund to pay the margin calls. The plaintiffs allege that these procedures were never explained to them and that Paine, Webber had no actual authority to make such payments. The plaintiffs were unable to meet the margin calls and sold the securities at a substantial loss.

The plaintiffs' complaint contains seven counts. Count One alleges a breach of contract by the defendants. Count Two alleges breach of fiduciary duties by the defendants. Count Three alleges fraud by the defendants. Count Four alleges negligence by the defendants. Count Five alleges violations of the Minnesota Blue Sky Law. Count Six alleges that the defendant violated the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, the Investment Advisers Act of 1940, 15 U.S.C. § 80b–1 *et seq.*, and the Investment Company Act of 1940, 15 U.S.C. § 80a–1 *et seq.* Each of the first six counts alleges the same amount of damage. Count Seven is a claim for punitive damages.

 On a motion to remand a case to a state court under 28 U.S.C. § 1447(c), the sole issue is whether the federal court has jurisdiction over the action. If an action lies within the federal removal jurisdiction, it cannot be remanded for the convenience of the parties or the Court. *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). The removing party bears the burden of establishing the jurisdiction of the federal court, and if doubts remain as to the right of removal, the case should be remanded. *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976); *Wolgin v. State Mutual Investors,* 442 F.Supp. 974, 978 (E.D.Pa.1977). In determining the character of the action, the Court must analyze the complaint without reference to the answer or the petition for removal. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Wolgin,* 442 F.Supp. at 976.

Section 1441 of Title 28 contains two grants of jurisdiction for removal from state court to federal district court of actions over which the federal court has original jurisdiction. Section 1441(a) provides:

(a) *Except as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(Emphasis added.) Section 1441(c) provides:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

 In this case, Count Six of the plaintiffs' complaint, which is based on the Securities Act of 1933, the Investment Company Act of 1940, and the Investment Advisors Act of 1940, plainly arises under the laws of the United States. Therefore, the federal courts would have original jurisdiction over this action. 28 U.S.C. § 1331(a). However, 15 U.S.C. § 77v, which provides for concurrent federal and state court jurisdiction over actions brought under subchapter I of the Securities Act of 1933, provides:

No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

This express prohibition of removal of actions brought under the Securities Act of 1933 clearly prevents removal of this action under 28 U.S.C. § 1441(a) by virtue of the opening clause of section 1441(a). *See U.S. Industries, Inc. v. Gregg,* 348 F.Supp. 1004, 1015 (D.Del.1972), *rev'd on other grounds,* 540 F.2d 142 (1976), *cert. denied,* 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977). Therefore, this action must fulfill the requirement of section 1441(c) if it is to be removable.

The plaintiffs' claims based on the Investment Advisors Act of 1940 and the Investment Company Act of 1940 would be removable if sued upon alone. The questions that remain to be decided on this motion to remand are whether 15 U.S.C. § 77v makes the entire case nonremovable, and, if not, whether the other federal claims are separate and independent claims or causes of action.

The defendants contend that the nonremoval provision of 15 U.S.C. § 77v does not prohibit removal of the case if the action can be removed under a different federal claim. The defendants rely on the analogous cases of *Emery v. Chicago B. & Q. R. Co.*, 119 F.Supp. 654 (S.D.Iowa 1954), and *U.S. Industries, Inc. v. Gregg*, 348 F.Supp. 1004 (D.Del.1972), *rev'd on other grounds*, 540 F.2d 142 (1976), *cert. denied*, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977). In *Emery*, the plaintiff sued a railroad company alleging a FELA claim and a separate and independent state law claim. FELA claims are specifically nonremovable under 28 U.S.C. § 1445(a). But because there was diversity of citizenship between the parties, the court permitted removal of the entire action based on removability of the state law claim. In *U.S. Industries*, the plaintiff filed an eight count complaint, including a claim under section 17(a) of the Securities Act of 1933. The court held:

> I, accordingly, conclude that [15 U.S.C. § 77v] restricts the grant of general removal jurisdiction found in Subsection (a) [of Section 1441]. However, in a case where a separate and independent claim, which would be removable if sued upon alone, is joined with one or more otherwise removable [sic] claims, whether made non-removable by [15 U.S.C. § 77v] or otherwise, Subsection (c) [of Section 1441] is the governing provision and authorizes removal of the entire case.

*Id.* at 1015–16. The court found that the complaint contained a separate and independent removable cause of action, and therefore the removal provision of section 1441(c) had been properly invoked. The court further found that the public interest would be served by trying all of the claims together and exercised its discretion to retain the entire case rather than remanding portions of the case back to state court.

The interpretation of section 1441(c) by the *U.S. Industries* court appears sound. The plaintiffs' action here is not removable under section 1441(a) because of the nonremovability clause of 15 U.S.C. § 77v, but is removable under section 1441(c) if the complaint states another cause of action that would otherwise be removable and is separate and independent within the meaning of section 1441(c). The question that remains in this case, therefore, is whether the plaintiff has stated a separate and independent federal cause of action.

In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the United States Supreme Court explicated the meaning of the "separate and independent claim or cause of action" test of section 1441(c). Finn had sued three defendants. Two were out-of-state insurance companies and the third was a local agent of both companies. Finn sought recovery for a fire loss and alleged that one or the other insurance company was liable under an insurance policy or that the agent was liable for failure to keep the property insured. The action was filed in state court and removed to federal court. The trial court and the court of appeals ruled that the claims against the insurance companies were separate and independent from the claim against the agent and were removable based on diversity of citizenship. The Supreme Court reversed, holding that there must be more than separable controversies to permit removal under section 1441(c). It established the following definition for separate and independent causes of action:

> In a suit turning on the meaning of "cause of action," this Court announced an accepted description.... This Court said, 274 U.S. at page 321, ...:

> "Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."

. . . Considering the previous history of "separable controversy," the broad meaning of "cause of action," and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), . . ., we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

341 U.S. at 12–14, 71 S.Ct. at 539–540 (footnotes and citations omitted). Even though Finn had different theories of recovery against the three defendants, he had suffered but one loss and could have but one recovery. Therefore there were not separate and independent claims for relief, and removal was improper.

Like Finn, the plaintiffs here have suffered but one loss. Despite the presence in the complaint of at least six theories upon which the plaintiffs may have a right to recover, they may recover their loss only once. The single primary right the plaintiffs assert is the right to be dealt with in an open, fair, and professional manner in their business transactions. The claims predicated on the Investment Advisors Act of 1940 and the Investment Company Act of 1940 are not separate and independent from the remainder of the claims. Therefore, removal under 28 U.S.C. § 1441(c) is improper.

Accordingly,

IT IS ORDERED that this action be, and hereby is, remanded to the District Court for Olmsted County, Minnesota, pursuant to 28 U.S.C. § 1447(c).