Richard and Margaret CACIOPPE, Charles and Sandra Carney, Roberta D. Caufield, Furman J. Davis, Forest H. Faulccner, John McCabe, Charles McGuire, Jr., Thomas W. Murrell, George F. Schudy, Scott M. Taylor, Jerry N. Whiteker, Charles Murray, Plaintiffs,

v.

SUPERIOR HOLSTEINS III, LTD., Atlantic Financial Federal, Winston Management, David Goldberg, Jack Stookey, Stookey Holstines, Inc., Genetic Engineers, Inc., Doug Wayland, Defendants.

Civ. A. No. H–86–3871.

United States District Court, S.D. Texas, Houston Division.

Dec. 19, 1986.

Van E. McFarland, McFarland & Tondre, Houston, Tex., for plaintiffs.

Eric C. Redman, Louis F. Cohen, Ernest J. Newborn, Jr., Cohen, Malad & Hahn, Indianapolis, Ind., for Jack Stookey and Stookey Holstines, Inc.

Randy J. McClanahan, Baker & Botts, Houston, Tex., for Atlantic Financial Federal, Jack Stookey and Stookey Holstines, Inc.

John C Allen, Houston, Tex., for Winston Management and David Goldberg.

William E. Matthews, Sewell & Riggs, Houston, Tex., for other defendants.

## MEMORANDUM AND ORDER

HITTNER, District Judge.

Pending before this Court are Plaintiffs' Motion to Remand and Plaintiffs' Motion for Leave to File an Amended Complaint. Having considered the pleadings on file, the oral arguments and representations made on the record at the motion conference on November 14, 1986, and the law applicable thereto, the Court is of the opinion that Plaintiffs' Motion to Remand should be and hereby is GRANTED. The Court will not reach Plaintiffs' Motion for Leave to File an Amended Complaint.

On October 8, 1986, Defendant Atlantic Financial Federal (Atlantic) removed this

entire suit from the 234th Judicial District Court of Harris County, Texas, where Plaintiffs were scheduled for a temporary injunction hearing on October 13, 1986. Defendant Atlantic sought removal based upon this Court's original jurisdiction over questions of federal law. Defendant Atlantic did not cite specific statutory authority for the basis of its removal. *See* Defendant Atlantic's Petition for Removal. Plaintiffs contest the removal and seek remand pursuant to the anti-removal provision of the Securities Act of 1933. 15 U.S.C. § 77v. Additionally, Plaintiffs request the Court to remand the state law claims that arise from the same nucleus of operative facts as the securities claim. Finally, Plaintiffs request that this Court allow the Plaintiffs to amend their complaint in order to dismiss their federal law claim under the Racketeer Influenced and Corrupt Organizations Act (RICO).[1] 18 U.S.C. § 1961 *et seq.*

Removal to federal court is a statutory right governed generally by 28 U.S.C. § 1441. The technical procedure for removal is governed generally by 28 U.S.C. § 1446. In this case, neither Defendant Atlantic's Petition for Removal nor its First Amended Petition for Removal state the specific subsection of section 1441 upon which it relied. Defendant asserts that "[t]his is a civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties or laws of the United States." Defendant Atlantic's First Amended Petition for Removal, p. 2.

Plaintiffs' case does contain causes of action arising under two federal statutes, the Securities Act of 1933 and the Racketeer Influenced and Corrupt Organizations Act (RICO), with various pendent state law claims. This Court would have original jurisdiction over the federal question claims. 28 U.S.C. § 1331. Removal based upon federal question is governed by 28 U.S.C. § 1441(a). The Court could assert removal jurisdiction over the Securities Act of 1933 claim and the RICO claim, as strictly federal question claims. Under 28 U.S.C. § 1441(b), the pendent state law claims would be removed along with the federal question claims. *See* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 3724. However, 28 U.S.C. § 1441(a) provides for recognition of statutory anti-removal provisions: "[e]xcept as otherwise expressly provided by Act of Congress." In this case, there is an applicable anti-removal provision in the Securities Act of 1933. 15 U.S.C. § 17v. There appears to be no decision which deviates from the plain, literal meaning of this non-removability clause. *See Kinsey v. Nestor Exploration, Ltd.—1981A,* 604 F.Supp. 1365, 1369 (E.D.Wash.1985). Therefore, the anti-removal provision of the Securities Act of 1933 prevents this Court from asserting removal jurisdiction over Plaintiffs' securities claim under 28 U.S.C. § 1441(a).

The RICO claim, if sued upon alone, would be removable to this Court under 28 U.S.C. §§ 1441(a) and 1441(e).[2] However,

---

1. The Court declines to allow Plaintiffs to amend their complaint. There is precedent which discourages amendments that would deprive the court of its jurisdiction. "A plaintiff cannot precipitate a remand of the action by amending the complaint to eliminate the federal claim." 14 A.C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3722 (1985). *See In re Carter,* 618 F.2d 1093 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). This Court could assert jurisdiction over only the RICO claim; however, Plaintiff essentially seeks to dismiss that one claim. Remanding the entire case accomplishes the same purpose without contradicting the above-cited authority. As the state court is without jurisdiction to hear the

RICO claim, the state court could consider dismissal of the claim. *See* note 2, *infra.*

2. Prior to the recent amendment of 28 U.S.C. § 1441 which added subsection (e), the RICO claim, as a claim arguably within the exclusive jurisdiction of the federal courts, was not removable because removal jurisdiction is merely derivative and the state court from which the case was removed did not have jurisdiction. *See, e.g., Broadway v. San Antonio Shoe, Inc.,* 643 F.Supp. 584 (S.D.Tex.1986); *Main Rusk Associates v. Interior Space Construction, Inc.,* 699 S.W.2d 305 (Tex.App.—Houston [1st Dist.] 1985, no writ). In the absence of 28 U.S.C. § 1441(e), the RICO claim would have to have been dismissed. *See* 1986 U.S.CODE CONG. & AD.NEWS

28 U.S.C. § 1441(a) does not provide this Court with jurisdiction over the entire case. An alternative basis upon which this Court could assert jurisdiction over the whole case would be pursuant to 28 U.S.C. § 1441(c).

 Subsection (c) of 28 U.S.C. § 1441 provides for removal of an entire case that consists of a removable and "separate and independent" claim joined with otherwise nonremovable claims. Additionally, 28 U.S.C. § 1441(c) does not contain a provision similar to § 1441(a) that provides for recognition of anti-removal clauses. Removal of the securities claim could, thus, be accomplished pursuant to § 1441(c).[3] The applicability of 28 U.S.C. § 1441(c), however, is dependent upon whether the RICO claim is a "separate and independent" cause of action or claim. This Court finds the RICO claim to arise from the same nucleus of facts. Specifically, the RICO cause of action in part rests upon the other causes of action alleged in this case. Without a "separate and independent" cause of action or claim, this Court does not have removal jurisdiction over this case under 28 U.S.C. § 1441(c).

 Finally, this Court takes note of the fact that Defendant Atlantic's Removal Petition is based upon 28 U.S.C. § 1441 and not upon 28 U.S.C. § 1478. At the oral hearing on November 14, 1986, those Defendants present[4] represented to the Court that Defendant Stookey Holsteins, Inc., had filed bankruptcy. On November 17, 1986, this Court received notification from Defendant Stookey Holsteins, Inc.'s bankruptcy counsel that Stookey Holsteins, Inc., filed its Chapter 11 petition in bankruptcy on September 3, 1986, in the Northern District of Indiana. Plaintiff's original state court petition was filed on September 11, 1986. Any applicable bankruptcy stay should prevent removal from state court under 28 U.S.C. § 1441.[5] Pursuant to 28 U.S.C. § 1447(c), it is therefore

ORDERED that Defendants' removal of this case from state court was improvident and without jurisdiction of this Court, and that this case is REMANDED to state court, with costs to be paid by Defendants.

---

1553, 1554 for legislative history of 28 U.S.C. § 1441(e).

3. *See, e.g., Abing v. Paine, Webber, Jackson & Curtis,* 538 F.Supp. 1193, 1195 (D.Minn.1982).

4. It should be noted that not all Defendants were present at the hearing. 28 U.S.C. § 1446(b) provides for one of the procedural necessities of removal. Specifically, removal requires concurrence of all the Defendants over whom service had been established. It further appears that the entire state court file has not been provided this Court, as required by 28 U.S.C. § 1446(a), and the pleadings in this Court are not clear which Defendants have been served.

5. 11 U.S.C. § 362(a)(1).