Christopher F. GALLAGHER, International Marine Investors and Management Corporation and Applejack Farm, Inc., Plaintiffs,

v.

Norman H. DONALD, III, Charles W. Flynn and Stephen J. Deraddo, Defendants.

No. 92 Civ. 1371 (VLB).

United States District Court, S.D. New York.

Oct. 15, 1992.

Kenneth G. Goberts, Ober, Kaler, Grimes & Shriver, New York City, for plaintiffs.

James C. McMillan, Werbel, McMillan & Carnelutti, Charles W. Flynn, Schaeffer & Zapson, New York City, John R. Bartels, Jr., Bartels & Feuereisen, White Plains, N.Y., Stephen Deraddo, Healy & Baillie, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiffs moved, initially by *ex parte* order to show cause with the conceded purpose of blocking then-pending discovery, to remand this litigation involving common law fraud, securities, and RICO claims.

The motion to remand is based on (a) asserted defectiveness and untimeliness of the notice of removal, including late consent of one defendant, and (b) nonremovability of the securities law claims under 15 U.S.C. § 77v(a) combined with asserted lack of separate and independent character of the RICO claims under 28 U.S.C. § 1441(c). Plaintiffs also seek sanctions.

The motions are denied.

### II

Under 28 U.S.C. § 1446(b), the 30 day period allowed for removal is measured from the time of receipt by defendant of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." The term "pleading," of course, may embrace a document not so labelled if it performs the same function. *Universal Motors Group v. Wilkerson*, 674 F.Supp. 1108 (S.D.N.Y.

1987). Where a defendant cannot "intelligently ascertain removability," *E.E. Howell Co. v. Underwriters Laboratories*, 596 F.Supp. 1517 (E.D.N.Y.1984), the time to remove under 28 U.S.C. § 1446(b) does not begin to run. As indicated in *Schrader v. Royal Caribbean Cruise Lines*, 952 F.2d 1008, 1013 (8th Cir.1991): "... the doctrine of equitable estoppel has been applied to prevent a defendant from relying on a limitations bar if that defendant contributed to confusion ..."

Plaintiffs initially served on January 30, 1991 so-called "hip pocket" summonses without a complaint, permitted by NYCPLR 305 and 3012, accompanied by a "Notice of Causes of Action" describing the claims involved.

The Notice of Causes of Action was quite detailed, but included a statement on the first page that "... [t]his notice is not intended to be a pleading."

Where plaintiffs themselves have specific characterized the paper as "not intended to be a pleading," they cannot successfully argue that it can be translated into one under 28 U.S.C. § 1446(b), or that the defendants could "intelligently ascertain removability" where the document on its face appears to negative its role as the pleading mentioned in that section. To permit advantage to be obtained through use of such a now-you-see-it-now-you-don't pleading/nonpleading would invite parties to seek to benefit by manufacturing artificial distinctions as traps for the unwary, and would be contrary to the objectives of Rule 1 of the Federal Rules of Civil Procedure.

Plaintiffs apparently never served a complaint on the defendant DeRaddo as far as the court has been informed to date, having instead made an application in state court for a default judgment based upon his non-response to the "hip pocket" summons. The complaint was, however, served on the other defendants on February 19, 1992. For present purposes, I shall assume that

DeRaddo received a copy of the complaint on February 19, 1992.

Defendant Donald filed a Notice of Removal on February 26, 1992, the defendant Flynn filed a Notice of Removal on February 28, 1992, and the defendant DeRaddo filed a Notice of Removal on March 5, 1992. Thus, notices by all defendants were timely filed since the statutory 30 day period began to run on February 19, 1992 when the complaint (so designated) was served.

Even if January 30, 1992, when the "hip pocket" summonses were served, was deemed to be the trigger date which started the removal period running, remand would not be justified. Where all defendants have opted for removal, tardiness by one in joining the chorus does not invalidate the removal if confusion has caused the delay (clearly the case here) and if no prejudice was caused. Here even if there had been late joinder, plaintiffs would not have been prejudiced.[1]

In such a situation removal was upheld in *Belasco v. W.K.P. Wilson & Sons*, 833 F.2d 277, 282 (11th Cir.1987): "... the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended to include Wilson. See 28 U.S.C. § 1653 ('Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'); Fed.R.Civ.P. 15(a) ('[L]eave [to amend] shall be freely given when justice so requires.')."

Plaintiffs further claim that removal was frustrated by technical deficiencies in defendants' papers. They allege that the identification of defendant Flynn's attorneys in the Notice was incorrect; this is immaterial since the statute does not require that the Notice be filed by an attorney.

Plaintiffs assert that the initials and last four digits of the social security number of the filing attorney called for by Local Civil Rule 1(a) were absent from Flynn's notice of removal. That Rule does not, however,

---

1. Plaintiffs strangely invoke *United States ex rel. Echevarria v. Silberglitt*, 441 F.2d 225 (2d Cir. 1971) which upheld rather than invalidated the removal of a case. *Echevarria* treated a *nunc* *pro tunc* remand by the federal district court as improper where prejudice had been caused by reliance in state court on the removal of the case to federal court.

provide that noncompliance would render a paper void or would deprive the court of jurisdiction otherwise acquired.

Plaintiffs point out that the petition filed on behalf of Flynn contains a misnomer in the Wherefore clause at the conclusion, obviously a circumstance causing no confusion" the "Wherefore" clause is unnecessary and the statutorily required elements of the notice were fulfilled.

## III

■ Plaintiffs also challenge the substantive jurisdictional basis for removal of the case under 28 U.S.C. § 1441.

This challenge is predicated upon a failure to apprehend clear distinctions between various subdivisions of Section 1441. Specifically, plaintiffs have ignored the provisions of subsection (b).

Subsection (a) of Section 1441 applies to all civil actions brought in state court with respect to which district courts have original jurisdiction. The first sentence of subsection (a) provides that all such actions may be removed except where Congress has otherwise provided:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants...."

This provision encompasses both federal question cases where jurisdiction is based on 28 U.S.C. § 1331 or other statutes, and cases founded on diversity of citizenship under 28 U.S.C. § 1332.

The first sentence of subsection (b) of 28 U.S.C. § 1441 deals more specifically with federal questions and states:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

This sentence was described in *Greenberg v. Veteran,* 889 F.2d 418, 422 (2d Cir.1989) as providing "for general federal question removal...." The "[E]xcept as otherwise" language of subsection (a) does not appear in subsection (b), and the first sentence of subsection (b) applies only to federal question and not to diversity cases.[2]

Subsection (c) describes treatment of situations where the action removed includes a "separate and independent" claim removable under Section 1331 and one or more non-removable claims; it grants the court discretion to handle all claims or to remand matters "in which State law predominates."

In most instances, 28 U.S.C. § 1441(a) provides the only avenue needed for removal of federal question as well as diversity cases. A fine distinction, however, arises in those circumstances where another statute bars removal of a particular type of case. Since specific provisions generally prevail over general ones, a question is thus presented as to the meaning which can be attributed to the "Except as otherwise" language in subsection (a).

To give meaning to the "Except as otherwise" clause of subsection (a), it is logical to infer that although a non-removable claim might become removable as an adjunct to other claims, the intent of the "Except as otherwise" clause in subsection (a) is to prevent this.

Subsection (b), not containing the "Except as otherwise" clause, would appear to create no such justification for applying anti-removal clauses beyond their own language. The distinction makes good sense, because the first sentence of § 1441(b) does not apply to diversity cases. The combination of the "Except as otherwise" clause in subsection (a) and its absence in the first sentence of subsection (b) thus indicates that diversity claims may not be used as a basis for removing related but otherwise nonremovable matters into the federal courts, but that federal question claims are not subject to this prohibition.

**2.** The second sentence of subsection (b) applies only to diversity cases: it limits removal of diversity suits to situations where none of the defendants—"none of the parties in interest properly joined and served as defendants"—is a citizen of the state where the action is brought.

The first sentence of subsection (b) is only rarely pivotal, and it is therefore rarely discussed. If one makes the error of reading the first sentence of 28 U.S.C. § 1441(b) as literature or an educational lecture, rather than as a statute each provision of which should ordinarily be given some operative meaning, one can readily ignore its plain language and treat it as a mere introduction to the second sentence which adds additional prerequisites to removal in diversity cases. But a complete separate first sentence containing an affirmative statement of removability of federal question cases would hardly have been necessary for that purpose.

The present suit involves common law fraud, securities, and RICO claims. Plaintiffs point out that 15 U.S.C. § 77v(a) dealing with federal securities claims, provides:

> "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

This provision bars only removal of a securities law "case," not a securities law claim embedded in a broader case, if the "case" is one arising under other federal laws and thus removable. See generally *Farmers & Merchants Bank v. Hamilton Hotel Partners*, 702 F.Supp. 1417 (W.D.Ark.1988); *U.S. Industries v. Gregg*, 348 F.Supp. 1004 (D.Del.1972), *rev'd on other grounds* 540 F.2d 142 (3d Cir.1976).

Plaintiffs ask me to interpret the first words of subsection (a) of 28 U.S.C. § 1441, "Except as otherwise expressly provided by Act of Congress," as expressing a policy against removal of claims as well as cases where a provision such as 15 U.S.C. § 77v(a) is involved. They point to decisions which, they suggest, hold that subsection (a) cannot be the basis for removal of securities law claims even where part of a larger case.

Plaintiffs thus treat 28 U.S.C. § 1441 as though it consisted only of subsections (a)

and (c), and fail to mention 28 U.S.C. § 1441(b). While subsection (a) applies to all civil actions "of which the district courts of the United States have original jurisdiction," which would include diversity cases and cases arising under Section 1331, the first sentence of subsection (b) pertains only to Section 1331 cases—"founded on a claim or right arising under the Constitution, treaties or laws of the United States ...", makes no reference to diversity as a basis of removal, and in tandem also omits the introductory "Except as otherwise" clause of § 1441(a).

■ The differences in wording of subsections (a) and (b) cannot be ignored or treated as having no meaning.[3] The logical interpretation is that where jurisdiction is based on a federal question (as in the case of RICO claims here), otherwise nonremovable claims such as the securities claims covered by 15 U.S.C. § 77v(a) may be included in the case removed, so long as the case as a whole is not a securities "case."

*Milton R. Barrie Co. v. Levine*, 390 F.Supp. 475 (S.D.N.Y.1975), quite logically in view of the statutory language quoted above, rejected removal of securities law claims where the underlying ground for removal was diversity of citizenship. 28 U.S.C. § 1441(a) but not 1441(b), applied in such a situation, and the "Except as otherwise" clause had direct and controlling application.

*Kinsey v. Nestor Exploration, Ltd.*, 604 F.Supp. 1365 (E.D.Wash.1985) treated RICO claims as a potentially valid basis for removal of a case which also included securities claims. But contrary to the later interpretation of the Supreme Court in *Taflin v. Levitt*, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), the district court in *Kinsey* determined that the federal courts had exclusive jurisdiction over RICO claims and thus that the state court from which the action had been removed had no jurisdiction over the RICO claims; this in turn led somewhat paradoxically to the conclu-

---

**3.** See, e.g., *Sea Robin Pipeline Co. v. FERC*, 795 F.2d 182, 184 n. 1 (D.C.Cir.1986) which gave weight to omission in one section of a statute of a specific provision omitted in the adjacent section:

"Section 5, we further note, conspicuously lacks the explicit provision ... found in section 4."

sion that the federal court had no derivative jurisdiction upon removal. This destroyed RICO as a basis of federal jurisdiction, thus requiring remand. The Supreme Court has since established that state courts have concurrent jurisdiction over RICO claims, *Tafflin v. Levitt*, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), and the derivative jurisdiction doctrine has since been statutorily eliminated. 28 U.S.C. § 1441(e). *Tafflin* and § 1441(e) indicate that RICO claims in state court can now support removal under the reasoning of *Kinsey*.

*Cacioppe v. Superior Holdsteins III*, 650 F.Supp. 607 (S.D.Tex.1986), cited by plaintiffs, recognized that "[u]nder 28 U.S.C. § 1441(b), the pendent state law claims would be removed along with the federal question claims," citing Wright & Miller, Federal Practice and Procedure § 3724. The removing defendant in *Cacioppe*, however, never identified "the specific subsection of section 1441 upon which it relied," and the court did not analyze or discuss the role of 28 U.S.C. § 1441(b) as an independent basis of removal.

In the present case, there are common law fraud and numerous related state law claims as well as RICO and securities law claims. Plaintiffs' RICO claim is based in asserted wire and mail as well as securities frauds (paragraph 47). Both federal and state claims not dependent on whether or not securities are involved are thus asserted, as are claims carrying treble damage liability potentially far more substantial than any allowed under the securities laws as such. This case as a whole cannot properly be characterized as a securities "case" within the meaning of 15 U.S.C. § 77v(a).

While the Supreme Court has made it clear that state courts have concurrent jurisdiction over RICO claims, since no exclusivity is provided for in the RICO statute, removability of such claims is important to insure the effectiveness of that federal statute as well as to prevent abuses of its provisions.

Defendants have submitted affidavits asserting that no viable securities law claims can be made here, in effect asking the court to grant summary judgment for defendants on those claims as an incident to ruling on the motion to remand. The permissibility of such a procedure based on affidavit evidence need not be considered inasmuch as the case as a whole is removable pursuant to 28 U.S.C. § 1441(b).

Plaintiffs and defendants have devoted a good deal of attention to the question of whether or not the federal securities claims made in the complaint are "separate and independent" within the meaning of 28 U.S.C. § 1441(c); they are, argue defendants, concluding that they should be retained in federal court; they are not, according to plaintiffs—state law dominates and they should be remanded. This approach if followed to its logical conclusion would lead to the somewhat paradoxical outcome that an otherwise nonremovable claim would be:

(i) removable as part of a broader case if "separate and independent"—i.e. unrelated to the federal questions on which removal was based; but

(ii) not removable if integrally intertwined with such federal questions as part of a single case.

Indeed in this case the defendants who have invoked removal, have sought to retain in federal court the securities claims (with respect to which the anti-removal provisions of 15 U.S.C. § 77v(a) would seem to have direct application) by arguing that those securities claims are unrelated to the claims upon which removal was in the first instance based.

Congress cannot be assumed to have intended such a result. Instead, the logical interpretation of 28 U.S.C. § 1441(c) is to treat it as a traffic rule defining what happens if a separate and independent claim is included in a removed case, and granting the court power to retain or remand the claim according to circumstances set forth in the section; see also 28 U.S.C. § 1367(c) as added in 1990, dealing with exercise of supplemental jurisdiction.

SO ORDERED.